IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
03 JAN 23 AM 10: 27
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| TROY BRAZELTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CV 01-J-2380-NE |
| | ) | |
| ROADWAY EXPRESS, INC., | ) | |
| | ) | |
| Defendant. | ) | ENTERED |
| | ) | JAN 2 3 2003 |

### MEMORANDUM OPINION

Pending before the court is defendant's motion for summary judgment (doc. 40). The court has reviewed the defendant's motion and the parties' other submissions.

### I. Facts

Plaintiff, Troy Brazelton, an African-American male, began working for defendant, Roadway Express, in 1977 as a part-time truck-driver. Plaintiff's Exhibit 1 at ¶¶ 2 & 3. Plaintiff became a full-time truck driver for defendant in 1984. Plaintiff's Exhibit 2 at 226. Beginning in 1986, plaintiff bid on and was awarded a route that began at 9:30 a.m. and consisted of local pickups and deliveries in the Huntsville, Alabama area. Plaintiff's Exh. 1 at ¶ 5. In 1996, the route associated with this start time was changed so

1



that plaintiff would have to travel to Scottsboro, Alabama on his route. Plaintiff's Exh. 1 at 6. The route to Scottsboro is very physically demanding because the driver must handle the freight by hand. Plaintiff Depo. at 24, 266-67. Plaintiff alleges that frequently he has asked for help with this load because it is so labor intensive. However, plaintiff alleges that defendant refused to provide him with extra help even where there were white-employees who were subsequently sent home early because they had nothing to do. Rozea Depo. at 333; Rozea Affidavit at 4. Plaintiff also alleges that other African-American drivers had their routes altered so as to assign them the heaviest loads. Scruggs Depo. at 60.

Plaintiff further contends that he was not allowed to use newer equipment while white drivers were despite having more seniority. Plaintiff Depo. at 94. Plaintiff also alleges that he was disciplined for being in an accident with his truck while white employees were not disciplined. Plaintiff's Depo. at 144; Rozea Affidavit ¶ 6. A supervisor has also stated that he believed that African-American employees were disciplined more severely than white employees for similar infractions. Rozea Affidavit at ¶ 6. However, plaintiff has testified that he personally has not been disciplined since the 1980s. Plaintiff's Depo. at 127-128.

Additionally, plaintiff asserts that he and other African-American employees have been subjected to racial slurs by white employees of the defendant. White employees have referred to African-American employees as "boy" on numerous occasions.

Plaintiff's Depo. at 302-03. Furthermore, plaintiff had a white employee threaten him with burning a watermelon in his yard back in the 1970s. Plaintiff's Depo. at 121. However, the only slurs that plaintiff allegedly heard were references to "boy." Other African-American employees have allegedly heard other racial epithets, but plaintiff has not heard these. Rozea Depo. at 314-16. Additionally, plaintiff testified that during the last five years there have been no occasions where anyone with defendant has said or done anything that he considered harassing. Plaintiff's Depo. at 126-137.

In November 1999, plaintiff and other African-American drivers allegedly sent several letters to defendant's headquarters complaining of race-discrimination. Plaintiff Depo. at 306-07; Plaintiff's Exhibits 14-19. Defendant's legal department forwarded these letter to the district manager to investigate, but he found no evidence of race discrimination. Huneryager Depo. at 26, 37, 52-55.

On October 12, 2000, plaintiff filed a charge with the EEOC alleging race discrimination and harassment on the basis of his race. Plaintiff's Exhibit 3. These charges were amended by plaintiff in November 2000 and February 2001. Plaintiff's Exhibit 4 & 5. The EEOC issued plaintiff a right-to-sue letter on May 29, 2001. Plaintiff filed this action on September 21, 2001. On September 23, 2002, the EEOC issued a determination that reasonable cause existed to believe that defendant discriminated against plaintiff. Plaintiff's Exhibit 6.

## II. Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.*, 477 U.S. at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the non-moving party to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. Pro. 56(e). In meeting this burden the non-moving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*

*Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed. R. Civ. Pro. 56(c); *Matsushita*, 475 U.S. at 587. *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

"The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case...A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000), quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995). A factual dispute regarding a non-material issue will not preclude the defendant from succeeding on a motion for summary judgment. *Brown v. American Honda Motor Co.*, 939 F.2d 946, 953 (11th Cir. 1991).

### III. Analysis

Defendant asserts that plaintiff's claims should be barred due to plaintiff's failure to file an EEOC charge within 180 days of any alleged discriminatory activity. Under Title VII, an EEOC charge must be filed "within one hundred and eighty days after the alleged unlawful employment practice occurred." 42 U.S.C. 2000e-5(e). In regards to any § 1981 claims, there is a two year statute of limitations. *Miller v. Bed, Bath & Beyond*, 185 F.Supp. 2d 1253 (N.D. Ala. 2002). Defendant asserts that plaintiff's claims are likewise barred by this time period.

The EEOC time period is subject to the "continuing violation doctrine." Under this doctrine, an EEOC charge is timely if filed within 180 days of the "last occurrence of an instance of the practice." *Beavers v. American Cast Iron Pipe Co.*, 975 F.2d 792, 796 (11th Cir. 1992). This doctrine is particularly applicable to hostile environment claims. As noted by the Supreme Court, "[a] hostile work environment claim is comprised of a series of separate acts that collectively constitute one "unlawful employment practice...Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." *National Railroad Passenger Corporation v. Morgan*, 122 S.Ct. 2061 (2002).

The potential time-bars to plaintiff's causes of action will be evaluated first in relation to his hostile environment claim. Pursuant to the continuing violation doctrine, to determine whether or not plaintiff's hostile environment claim under Title VII is time-barred, it is necessary to determine if at least one portion of plaintiff's claim occurred after April 2000 which is 180 days from the filling of plaintiff's charge with the EEOC on October 2000. As this action was filed in September 2001, the 2 year statute of limitations for filing a §1983 charge would date back to September 1999.

Plaintiff has failed to present any evidence of a discriminatory act, that could fall within the ambit of a hostile environment claim, which occurred after September 1999.[1]

---

[1] It is noteworthy that some of the alleged discriminatory acts date back to the 1970s. Plaintiff's Depo. at 121.

In fact, plaintiff testified in his deposition that there has been no occasion within the past 5 years that anyone employed with defendant has done or said anything to him that constituted harassment. Plaintiff's Depo. at 126-27. The plaintiff at one point states that the white supervisors used the term "boy" to refer to African-American drivers, but he gives no time-frame for when these comments were made. *Id.* at 302-03. Thus, from plaintiff's testimony that he has not been harassed in any way or called any bad names for over 5 years, it can be inferred that these comments occurred more than 5 years ago. *Id.* at 113, 126-27.

Plaintiff has presented evidence of a variety of other derogatory comments that have been heard by other individuals, but there is no testimony from the plaintiff that he ever heard these comments, even second-hand, let alone when he heard them. As such, plaintiff's hostile environment claim is time-barred.

However, even if his claim was not time barred, plaintiff has wholly failed to present a prima facie case of hostile environment race discrimination. The plaintiff has not presented sufficient evidence to demonstrate that any harassment he suffered was so severe or pervasive, viewed objectively or subjectively, to provide the basis for a hostile environment claim. As there is no evidence plaintiff ever heard the comments made to other employees this provides no support for the requirement that plaintiff subjectively viewed the environment as hostile. *Gupta v. Florida Board of Regents*, 212 F.3d 571, 583 (11th Cir. 2000). Additionally, plaintiff's own testimony does not indicate that he

7

believed he suffered any severe or pervasive harassment. Plaintiff's Depo. at 111-13; 126-27. Therefore, defendant is entitled to summary judgment as to plaintiff's hostile environment claim.

In regard to plaintiff's retaliation claim, plaintiff alleged in his first amended complaint that defendant retaliated against him by altering the terms and conditions of his employment. First Amended Complaint at ¶¶ 22-23. However, plaintiff has failed to indicate how he was retaliated against or provide any evidence of retaliation and appears to have abandoned the claim given the fact that he mentioned it nowhere in his brief. *Flanigan's Enterprises, Inc. of Georgia v. Fulton County, Georgia*, 242 F.3d 976, 987 n. 16 (11th Cir. 2001).

Plaintiff's disparate treatment claims require more examination as there are a variety of them. Several of plaintiff's disparate treatment claims arise out of discrete acts that occurred prior to April 2000 or September 21, 1999. As such, these claims are barred since plaintiff did not bring his EEOC charge within 180 days of the alleged discriminatory acts or file suit within 2 years of the discriminatory act (for § 1983 purposes). Plaintiff's claim that the change of his delivery route was discriminatory is barred as this change occurred back in approximately 1996. Plaintiff's Exhibit 1 at ¶ 6. Additionally, plaintiff's claim that his request for assistance with a particularly heavy load in 1999 was denied due to race discrimination, similarly must fail. This incident allegedly occurred "on or about late 1999." Plaintiff's Exhibit 8 at ¶ 4. This is simply insufficient

to demonstrate that said alleged discriminatory actions occurred within the statute of limitations. Plaintiff has failed to present any evidence that this action occurred within 2 years from the date that he filed this action. Furthermore, both of these actions are arch-typical discrete acts and thus the continuing violation doctrine is unavailable. Therefore, this claim cannot survive summary judgment under Rule 56.

Plaintiff's remaining two disparate treatment claims alleging discrimination in the assignment of new equipment and discrimination in doling out discipline are not barred by the statute of limitations under § 1981 or the 180 day period for Title VII claims. However, both of these claims are due to be dismissed on other grounds.

First, plaintiff is unable to set forth a prima facie case of disparate race discrimination in relation to the allegation that only white employees were given new equipment because the allegation does not constitute an adverse employment action. An adverse employment action must have a serious and material impact on an individual's job. *Davis. v. Town of Lake Park, Florida*, 245 F.3d 1232, 1239 (11th Cir. 2001). A variety of courts have found that the assignment of faulty or inferior equipment or denial of better equipment does not constitute an adverse employment action. *Geer v. Marco Warehousing, Inc.*, 179 F.Supp.2d 1332, 1341 (M.D. Ala. 2001); *Jacob-Mua v. Veneman*, 289 F.3d 517, 522 (8th Cir. 2002); *Markel v. Board of Regents*, 276 F.3d 906, 911 (7th Cir. 2002). Therefore, the allegation that white employees received new equipment while black employees did not fails to support a prima facie case. It is also

9

worthy of note that plaintiff has admitted that he in fact was once offered a new truck to use and that after briefly using the new truck, he asked to use his old truck because it was preferable. Plaintiff Depo. at 74-75.

Second, plaintiff asserts that discipline was disparately meted out depending on race due to the fact that he was disciplined for being in an accident with his truck while white employees were not disciplined for accidents. However, while the evidence indicates that plaintiff had an accident, there is no indication that plaintiff actually suffered an adverse employment action due to this action. To constitute such an adverse action, it must objectively cause "serious and material change in the terms, conditions or privileges" of a plaintiff's employment. The only potential adverse action cited by plaintiff is that it affected his chances at winning the "million dollar safety award."[2] Plaintiff's Depo. at 144. The evidence present does not indicate that the denial of this award had any form of serious and or material affect on any aspect of plaintiff job. Plaintiff's own testimony indicates that he did not believe that he suffered any discipline in relation to this accident. Plaintiff Depo. at 127-128. Therefore, defendant's motion shall be granted as to this claim.

### IV. Conclusion

Based upon all of the foregoing, defendant's motion for summary judgment is

---

[2]The recipient of this award receives a plaque. Plaintiff's Depo. at 147.

**GRANTED**. Plaintiff's claims will be **DISMISSED WITH PREJUDICE**. Each party shall bear its own costs.

**DONE** and **ORDERED** this the ___23___ day of January 2003.

                                                                                    _____
                                                                                    Inge P. Johnson
                                                                                    U.S. District Judge